**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


**SHERMAN LYNELL THOMAS,**

      **Plaintiff,**

**vs.**                             **Case No. 4:08cv574-RH/WCS**

**PROGRESS ENERGY FLORIDA, INC.,**

      **Defendant.**

_____/


## REPORT AND RECOMMENDATION

Plaintiff, who is *pro se*, filed a fourth amended complaint alleging employment discrimination on the basis of his race, and in retaliation for his filing grievances and acting as a "whistle blower" in reporting unsafe working conditions. Doc. 21, p. 3. Plaintiff stated on the complaint form, sworn under penalty of perjury, that prior to initiating this case (by filing the first complaint on December 22, 2008), the E.E.O.C. issued a right to sue letter on September 18, 2008, which he received on September 20, 2008. Doc. 21, p. 3. It is noted that Plaintiff also alleged in his first complaint that he received his right to sue letter on September 20, 2008. Doc. 1, p. 2.

Service was ordered, doc. 22, and Defendant filed a motion to dismiss asserting, *inter alia*, that Plaintiff's claims are time barred. Doc. 26. Plaintiff was advised of his obligation to respond to Defendant's motion. Doc. 27. That order was entered on

September 30, 2009, doc. 27, giving Plaintiff until October 30, 2009, to file his opposition. On October 2, 2009, Plaintiff filed his response.[1] Doc. 28.

**Standard of Review**

"The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." Boyer v. Board of County Comm'rs, 922 F. Supp. 476, 482 (D. Kan. 1996), *aff'd,* 108 F.3d 1388, *citing* Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir. 1993); Mitchell v. Farcass, 112 F.3d 1483, 1487 (11th Cir. 1997); Mannings v. Board of Public Instr. of Hillsborough County, Fla., 277 F.2d 370, 372 (5th Cir. 1960). The court should not weigh the evidence, but merely "determine whether the complaint itself is legally sufficient." In re Mosello, 190 B.R. 165, 168, *aff'd,* 193 B.R. 147, *aff'd,* 104 F.3d 352 (Bankr. S.D. N.Y. 1995), *citing* Festa v. Local 3, Int'l Brotherhood of Elec. Workers, 905 F.2d 35, 37 (2d Cir. 1990). A court must accept the factual allegations of the complaint as true, Shotz v. American Airlines, Inc., 420 F.3d 1332, 1334-35 (11th Cir. 2005), and dismissal is not permissible because of "a judge's disbelief of a complaint's factual allegations." Bell Atlantic Corp. v. Twombly, 550 U.S.544, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007); Wilson v. Strong, 156 F.3d 1131, 1132 (11th Cir.1998); St. George v. Pinellas County, 285 F.3d 1334, 1337 (11th Cir. 2002).

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148

---

[1] Plaintiff has improperly titled the response as a motion to deny. Doc. 28. It is not construed as a motion, but solely as a response in opposition to the motion to dismiss. I have also noted that Plaintiff filed a reply prior to the expiration of the deadline provided. Because the reply is before me, there is no reason to delay ruling.

F.3d 1262, 1263 (11th Cir. 1998).  Nevertheless, a complaint must provide sufficient notice of the claim and the grounds upon which it rests so that a "largely groundless claim" does not proceed through discovery and "take up the time of a number of other people . . . ."  Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005), *quoted in* Twombly, 127 S.Ct. at 1966.  Hence, even though the pleading standard for a *pro se* complaint is quite liberal, "bald assertions and conclusions of law will not suffice."  Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996).  The court's duty to construe a plaintiff's complaint liberally does not include a duty to rewrite it.  Peterson v. Atlanta Housing Auth., 998 F.2d 904, 912 (11th Cir. 1993).

Title VII requires that suit be filed with 90-days of receipt of the notice of one's right-to-sue from the EEOC.  42 U.S.C. § 2000e-(f)(1).  The limitations period is not a jurisdictional prerequisite to suit, but a statutory precondition to suit.  Espinoza v. Missouri Pacific R. Co., 754 F.2d 1247 (5th Cir. 1985); Fouche v. Jekyll Island-State Park Auth., 713 F.2d 1518, 1525 (11th Cir. 1983); Ross v. United States Postal Service, 814 F.2d 616 (11th Cir. 1987).

**Analysis**

Plaintiff now asserts in response to the motion to dismiss that he received a right to sue letter from the EEOC dated January 29, 2009, not on September 20, 2008.  Doc. 28.  Thus, Plaintiff contends his "complaint [the *third* amended complaints, docs. 15 and 16] was timely received by the Court on 21 April, 2009; with IFP request."  *Id.*, at 1.

Plaintiff also points to language from an order entered on May 8, 2009, in which I noted that Plaintiff had submitted two "third amended complaints" in this case, docs. 15 and 16.  It appeared that Plaintiff was attempting to proceed with two separate cases

against the same Defendant.  Doc. 17.  I pointed out to Plaintiff that in one version of the "third amended complaint," Plaintiff alleged that he had received a notice of right-to-sue on September 20, 2008, and in the other version of his complaint, he said that the notice was received on January 31, 2009.  Doc. 17, p. 2.  Plaintiff was ordered to explain whether he was bringing one case or two, and if two, Plaintiff was told that he "must clearly articulate the distinction between the two cases."  *Id.*, at 2.

A few days later, on May 14, 2009, Plaintiff submitted a letter asserting that the right to sue letter dated January 29, 2009, by the EEOC exclusively referenced "Exhibit 16," a document he attached to his letter marked "privileged and confidential" at the top of the page and dated July 23, 2004.  Doc. 18-2, p. 3 on ECF.  That exhibit, with a date of July 23, 2004, at the top, related events concerning Plaintiff's "performance deficiencies" in May and June, 2004.  The document also showed that Plaintiff was placed on administrative leave on June 9, 2004, "pending investigation of unsafe acts and EEO charges made by employee."  *Id.*, at 3.  Also attached to Plaintiff's letter was a notice of right-to-sue from the EEOC, dated October 3, 2003, and referencing EEOC Charge No. 15DA200765 and FCHR Charge No. 2102923.  Doc. 18-2, p. 4 on ECF.  The final page of document 18, Plaintiff's response to my order, was a copy of Plaintiff's "amended charge of discrimination" that he filed with the Florida Commission on Human Relations, Charge No. 2102923.  Doc. 18-2, p. 5.  The charge alleged retaliation and discrimination based on race, and asserted that the most "recent or continuing discrimination took place" on July 20, 2001.  *Id.*  The document was signed by Plaintiff on May 16, 2002.  *Id.*

Approximately two weeks later, Plaintiff sent another response to the May 8, 2009, order, doc. 17, acknowledging the "synonymous allegations" presented, but failing to provide any clarification as required by the court order. Doc. 19. After further review of Plaintiff's filings, I noted that it was impossible that Plaintiff could have submitted the first filed "third amended complaint," doc. 15, in response to a court order entered only the day before. Doc. 20. There was not sufficient time for the order to be mailed to Plaintiff and reach him, and for Plaintiff to have time to submit a pleading to the Court in response. Thus, I entered another order pointing out to Plaintiff the numerous problems with his recent pleadings, and Plaintiff was ordered to file a fourth amended complaint. *Id.* I explained that it should normally be a simple task to determine what allegations were presented in a charge of discrimination, when it was filed, review the date that the EEOC issued a notice of right to sue, and conclude whether a plaintiff exhausted administrative remedies before filing a Title VII case. *Id.*, at 3. Plaintiff was ordered to file an amended complaint "which clearly and succinctly states the factual basis for the claims he seeks to bring in this case, which Plaintiff initiated on December 22, 2008." Doc. 20, p. 4. Plaintiff's fourth amended complaint, doc. 21, was filed in response to my order and was served on the Defendant.

This action is based on the fourth amended complaint, the version Plaintiff chose to pursue after being clearly advised of a problem with various right-to-sue letters and filing dates. It is that version of the complaint which Plaintiff alleged, under oath, that he filed charges with the EEOC on September 4, 2007, resulting in a right-to-sue notice from the EEOC dated September 18, 2008. Doc. 21. Plaintiff will be held to his factual

allegations and for purposes of ruling on the motion to dismiss, those facts must be accepted as true.[2]

**Analysis**

Title VII requires a plaintiff to file a complaint "within 90 days" of receipt of the right-to-sue letter from the EEOC. 42 U.S.C. § 2000e-5(f)(1); Stallworth v. Wells Fargo Armored Services Corp., 936 F.2d 522, 524 (11th Cir. 1991).[3] The relevant statutory language is included on the EEOC notice of right to sue in prominent bold, underlined, and capitalized type. *See* doc. 21-2, p. 1. Although FED. R. CIV. P. 6(e) provides an additional 3 days for mailing, that time is not added onto the 90-day limitations period. Suarez v. Little Havana Activities, 721 F.2d 338 (11th Cir. 1983) (concluding that the 90-day time limit is submit to principles of equitable tolling). A Title VII plaintiff must file his case "within 90 days" of receipt of the EEOC letter and "there is no reason to apply Rule 6(e)." Norris v. Florida Dept. of Health and Rehabilitative Services, 730 F.2d 682, 683 (11th Cir. 1984)(rejecting the "argument that Rule 6(e) should be construed to add three days to the statutory 90-day time period.").

---

[2] Further, Plaintiff *initiated* this Title VII action on December 22, 2008. Doc. 1. This case cannot be premised upon a January 29, 2009, right to sue notice.

[3] As noted by Plaintiff in his response to the motion to dismiss, I did state in that order that "[t]hese cases cannot readily be untangled." Doc. 28, *quoting* doc. 17, p. 2. That comment, however, was concerned with the fact that Plaintiff appeared to be trying to simultaneously litigate and combine two separate cases. The fact is, one case should be filed concerning the facts presented in the September, 2008, EEOC notice, and a separate case should be filed concerning the separate facts that should have been presented and investigated in the January, 2009, EEOC notice. Due to the requirements of 42 U.S.C. § 2000e-5(f)(1), Title VII cases cannot be combined in an effort to obliterate the 90-day filing requirement.

Accepting the facts of Plaintiff's fourth amended complaint as true, Plaintiff received the notice on Saturday, September 20, 2008, and the 90-day deadline expired on Fridday, December 19, 2008.  Plaintiff's initial complaint was received in this Court on Monday, December 22, 2008.  Doc. 1.  December 22, 2008, was the 93rd day.  The envelope for the complaint contains a postal stamp showing it was *mailed* on December 19, 2008.[4]  The complaint could not have been filed or received in this Court on the 90-day deadline because it was mailed on the deadline.

Because Plaintiff initiated this action after the expiration of the 90-day deadline, this Title VII action is untimely.  Defendant's motion to dismiss, doc. 26, should be granted.

**RECOMMENDATION**

It is respectfully **RECOMMENDED** that Defendant's motion to dismiss, doc. 26, be **GRANTED** and this action be **DISMISSED** for failure to timely initiate this Title VII action as required by 42 U.S.C. § 2000e-5(f)(1).

**IN CHAMBERS** at Tallahassee, Florida, on October 16, 2009.


 s/      William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[4] The envelope itself is attached to the complaint in the court paper file.  Doc. 1. Mailing envelopes are not, however, scanned and available for viewing on the court's electronic docket.  By separate order I will have the Clerk scan this envelope as an electronic document, to preserve the record.

Case No. 4:08cv574-RH/WCS

## <u>NOTICE TO THE PARTIES</u>

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.