**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

SHERMAN LYNELL THOMAS,

      Plaintiff,

v.                                          CASE NO.  4:08cv574-RH/WCS

PROGRESS ENERGY FLORIDA, INC.,

      Defendant.

_____/

**ORDER DISMISSING THIS CASE AND REQUIRING
THE CLERK TO OPEN A SEPARATE CASE**

This Title VII case—case no. 4:08cv574—is before the court on the report and recommendation (document 32) and the objections (document 33).  I have reviewed *de novo* the issues raised by the objections.

The recommendation is for dismissal of the fourth amended complaint in this case.  The basis is that the plaintiff filed this case more than 90 days after he received the Equal Employment Opportunity Commission's notice of right to sue.  Dismissal on this basis is plainly correct.

In his objections, the plaintiff asks that a complaint that he filed on April 21, 2009—while this case no. 4:08cv574 was ongoing—be treated as a separate

lawsuit. It appears that that was indeed the plaintiff's intent when he submitted

that complaint. He submitted it with a motion for leave to proceed *in forma*

*pauperis* as ordinarily would be done at the outset of a new case and as ordinarily

would *not* be done with an amended pleading in an ongoing case in which (as here)

the plaintiff already had been granted leave to proceed *in forma pauperis*. The

plaintiff apparently did not put the case number from this case—no.

4:08cv574—on the complaint. But the clerk's office treated the complaint as if

filed in this case, and inserted the case number for this case. It became document

15 in this case, rather than document 1 in a new case. The motion for leave to

proceed *in forma pauperis* was docketed as document 14 in this case, rather than as

a motion in the new case.

  The magistrate judge identified this issue and gave the plaintiff an

opportunity to explain his intent. See Order of June 9, 2009 (document 20). The

plaintiff did not fully explain, but he did seem to indicate that he intended the April

21 complaint to initiate a separate case, and he has now confirmed that in his

objections to the report and recommendation. The April 21 complaint apparently

was filed within 90 days after the EEOC issued a right-to-sue notice—a different

notice than the one the plaintiff received more than 90 days before filing this case

no 4:08cv574. Whether the new right-to-sue notice began the running of a new 90-

day period, and whether the judgment in this case no. 4:08cv574 will preclude the

plaintiff from pursuing a separate case, are issues not properly before the court in this case no. 4:08cv574; the issues can be addressed if the defendant in the new separate case raises these matters as defenses.

For these reasons,

IT IS ORDERED:

1.  The report and recommendation is ACCEPTED and adopted as the court's opinion.  The motion to dismiss (document 26) is GRANTED.  The clerk must enter judgment stating, "This case is DISMISSED with prejudice."  The clerk must close the file.

2.  The clerk must open a new case and file in the new case (a) the complaint that is currently docketed as document 15 in this case no. 4:08cv574, and (b) the motion for leave to proceed *in forma pauperis* that is currently docketed as document 14 in this case no. 4:08cv574.  The clerk must note on the docket that the complaint was received in this court on April 21, 2009.

SO ORDERED on November 9, 2009.

s/Robert L. Hinkle_____
United States District Judge